IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **LOUIE DESCHAMPS, and all others similarly situated under 29 USC § 216(b),**<br><br>*Plaintiff*,<br><br>v.<br><br>**NOVA HARDBANDING, LLC, and KEN BROMLEY, individually,**<br><br>*Defendants*. | Civil Action No. 2:17-00493<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1. Louie Deschamps ("Plaintiff") brings this collective and class action individually, on behalf of those similarly situated, and on behalf of the proposed Rule 23 New Mexico Class Members against Nova Hardbanding, LLC and its president Ken Bromley (collectively, "Defendants").

**I. NATURE OF SUIT**

2. Defendants provide hardbanding, inspection and other oilfield services to oilfield clients throughout the Southwest, including New Mexico and Texas. Defendants employed Plaintiff and the respective FLSA and NM Class Members (defined below) to perform manual and technical labor to provide Defendants' products and services for customers at job sites ("Field Employees").

3. Defendants have violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law") by classifying the FLSA and NM Class Members as exempt from overtime, paying them on a salary basis and refusing to pay them overtime despite those individuals regularly working over 40 hours per week.

## II.     PARTIES

4. Plaintiff Louie Deschamps is a New Mexico resident that worked for Defendants as a Field Employee, and specifically as a pipe inspector, in New Mexico from approximately June 2014 to April 2015. His consent to participate in this lawsuit is attached as Exhibit A to this Complaint.

5. Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA. The "FLSA Class Members" consist of Defendants' current and former employees employed over the last three years who were responsible for performing manual and technical labor to provide Defendants' products and services for customers at job sites whether they were referred to as drill pipe inspectors, hardbanders, hardbander operators, inspection helpers, inspectors, inspector helpers, or other job titles. This definition excludes all individuals who have filed consents to join *Weaks v. Nova Mud, Inc.*, No. 2:17-cv-121 (D.N.M. Jan. 23, 2017); *Foster v. Nova Hardbanding*, LLC, No. 2:15-cv-1047 (D.N.M. Nov. 11, 2015), *Jimenez v. Nova Mud, Inc.*, No. 2:15-cv-1058 (D.N.M. Nov. 19, 2015), *Varela v. Nova Hardbanding, LLC*, No. 2:16-cv-129 (D.N.M. Feb. 3, 2016), *Mishler v. Nova Hardbanding, LLC* (D.N.M. Aug. 9, 2016).

6. Plaintiff also brings this claim as a Rule 23 class action pursuant to NM Wage Law on behalf of the FLSA Class Members who worked for Defendants in New Mexico ("NM Class Members").

7. Defendant Nova Hardbanding, LLC is a New Mexico Limited Liability Company that operates in New Mexico. Defendant may be served with process through its agent for service of process Ken Bromley at 419 W. Cain Street, Hobbs, New Mexico 88240, or wherever it may be found.

8. Defendant Ken Bromley is the president of Nova Hardbanding, LLC and can be served at 2600 Redbud Street, Hobbs, New Mexico 88240, or wherever he may be found.

### III.   JURISDICTION AND VENUE

9. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

10. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendants. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

11. Venue is proper in the District Court of New Mexico because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more parties resides in this District. Specifically, Plaintiff resides in this District and the work he performed giving rise to these claims occurred in this District.

### IV.   FLSA COVERAGE FACTS

12. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff, and the FLSA and NM Class Members.

13. At all times hereinafter mentioned, Defendants constituted employers or joint employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and NM Wage Law.

14. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that

said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled oilfield equipment and tools to perform manual and technical labor to provide Defendants' products and services for customers at job sites

15. At all relevant times, Plaintiff and the respective Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

## V. FACTUAL ALLEGATIONS

16. Defendants have had business operations throughout the United States, including in New Mexico and this judicial district, and their annual gross volume of sales made or business done exceed $500,000.00 per year.

17. Ken Bromley is the president of Nova Hardbanding, LLC and has joint employer liability based on his exertion of operation control over the corporation. The operational control he exerted and continues to exert includes making hiring and firing decisions, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules. Additionally, Ken Bromley has responsibility for the specific FLSA and NM Wage Law violations at issue. Specifically, Ken Bromley: (1) implemented and enforced the illegal misclassification policy at issue; (2) instructed Plaintiff, the FLSA Class Members, and the NM Class Members that they did not have to clock-in when they reported for work; (3) failed to keep proper employment records for Plaintiff, the FLSA Class Members, and the NM Class Members; and (4) failed to keep any proper time records for the hours worked by Plaintiff, the FLSA Class Members, and the NM Class Members during their employment.

18. Plaintiff worked as a Field Employee for Defendants from approximately June 2014 to April 2015, and worked over 40 hours in one or more weeks during the past three years.

19. As a Field Employee, Plaintiff's primary job duties consisted of performing technical and manual labor to provide Defendants' products and services for customers at job sites. These job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

20. Plaintiff routinely worked over 40 hours per week, but Defendants failed to pay him any overtime premium for all hours worked in excess of 40 per workweek.

21. Instead of providing Plaintiff with overtime pay, Defendants misclassified Plaintiff as exempt and paid him on a salary basis with no overtime pay for his many hours of overtime work.

22. Defendants knew that Plaintiff worked in excess of 40 hours per week.

23. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per workweek.

24. Defendants willfully misclassified Plaintiff as exempt and refused to pay him overtime, despite (1) having awareness of the FLSA's minimum wage and overtime requirements; and (2) routinely receiving complaints from Plaintiff and the respective Class Members regarding their pay and excessive overtime hours.

25. During the three years prior to the filing of this Complaint, Defendants employed other FLSA Class Members as Field Employees. These individuals' primary job duties consisted of performing manual and technical labor to provide Defendants' products and services for customers at job sites. These job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

26. The FLSA Class Members routinely worked over 40 hours per week, but Defendants failed to pay them any overtime premium for all hours worked in excess of 40 per workweek. Instead, Defendants misclassified the FLSA Class Members as exempt and paid them on a salary basis with no overtime pay for their many hours of overtime work.

27. Defendants knew that the FLSA Class Members worked in excess of 40 hours per week.

28. The FLSA Class Members are entitled to receive overtime pay for all the hours they worked in excess of 40 per workweek.

29. Defendants willfully misclassified the FLSA Class Members as exempt and refused to pay them overtime, despite (1) having awareness of the FLSA's overtime requirements; (2) routinely receiving complaints from Plaintiff and the FLSA Class Members regarding their pay and excessive overtime hours; and (3) paying workers who performed substantially similar and non-exempt duties on an hourly/overtime eligible basis, but choosing not to pay Plaintiff and the FLSA Class Members overtime.

## VI. NEW MEXICO CLASS ACTION ALLEGATIONS

30. Plaintiff incorporates all allegations previously made in this Complaint.

31. Plaintiff brings his class action on behalf of the respective NM Class Members.

32. The NM Class Members are so numerous that their joinder is impracticable. While the precise number of the NM Class Members is unknown, at least 100 NM Class Members worked for Defendants at least one workweek of more than 40 hours in or out of New Mexico over the past three years.

33. Plaintiff's claims are typical of the NM Class Members. He and the NM Class Members: (1) were responsible for performing manual and technical labor to provide Defendants' products and services for customers at job sites; (2) were classified as exempt from

overtime; (3) were paid a salary; (4) worked in New Mexico in at least one workweek during the last three years; and (5) were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

34. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendants violated NM Wage Law by failing to pay the NM Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

   b. Whether Defendants violated NM Wage Law by misclassifying the NM Class Members as exempt from overtime;

   c. The proper measure of damages sustained by the respective NM Class Members; and

   d. Whether Defendants should be enjoined for such violations in the future.

As a result, Plaintiff will fairly and adequately protect the respective NM Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

35. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the NM Class Members, making final injunctive and/or declaratory relief appropriate to the NM Class Members as a whole.

36. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices,

including the failure to pay overtime to the NM Class Members. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 NM Class Members to the extent required by Fed. R. Civ. 23(c).

## VII.   COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37.  Plaintiff incorporates all allegations previously made in this Complaint.

38.  During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing Plaintiff and the FLSA Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VIII.   COUNT II: VIOLATION OF NM WAGE LAW

39.  Plaintiff incorporates all allegations previously made in this Complaint.

40.  Plaintiff and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendants violated and continue to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid

wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NM Wage Law. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred.

## IX.    RELIEF SOUGHT

41.    WHEREFORE, Plaintiff, individually and on behalf of the FLSA Class Members, prays for relief against Defendants as follows in regards to his FLSA collective action claims:

   a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

   b.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

   d.    For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   **e.**    For an Order granting such other and further relief as may be necessary and appropriate.

42.    WHEREFORE, Plaintiff, individually and on behalf of the NM Class Members, prays for relief against Defendants as follows in regards to his class action complaint:

   a.    For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class

Representatives under NM Wage Law, and for designation of Plaintiff's counsel as class counsel;

b.    For Judgment that Defendants violated NM Wage Law by failing to pay Plaintiff and the NM Class Members overtime compensation;

c.    For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under Wage Law;

d.    For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com


**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
jack@siegellawgroup.biz
Siegel Law Group, PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
(214) 706-0834 phone
(469) 339-0204 fax
www.siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.


*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**